DECISION
Plaintiff appeals Defendant's Notice of Determination and Assessment, dated September 28, 2010, for tax year 2005. A trial was held in the Oregon Tax Courtroom, Salem, Oregon, on September 8, 2011. Plaintiff appeared on his own behalf. Faith Derickson (Derickson), Tax Auditor, appeared on behalf of Defendant.
Plaintiff's Exhibits A through K and Defendant's Exhibits A through D were received without objection.
 I. STATEMENT OF FACTS
Plaintiff testified that even though Defendant had no record that Plaintiff filed his 2005 Oregon state income tax he believed he had filed the tax return at the same time he filed his federal income tax return. Plaintiff offered no documentation to prove that he filed his state income tax return when he filed his federal income tax return.
On his 2005 state income tax return, Plaintiff claimed single filing status, four dependents and a standard deduction in the total amount of $1,770. (Ptf's Ex K.) Plaintiff received confirmation, dated March 11, 2010, from Defendant's employee that Plaintiff's income tax return was received. (Id. at C.) *Page 2 
After filing his 2005 state income tax return, Plaintiff worked with two of Defendant's employees to determine his correct 2005 income tax liability. Plaintiff received Defendant's Notice of Proposed Return Computation, dated August 5, 2010. (Ptf's Ex I.) That Notice of Proposed Return Computation, stated that there was no tax to pay, zero penalty, zero interest, and total balance due was zero. (Id.) The second page of the Notice of Proposed Return Computation stated that "[t]he Notice of Determination and Assessment issued 3/10/2010 has been adjusted due to your prior return being received. I disagree with the 2005 return you filed. Adjustments are necessary. A Notice of Deficiency will be issued under separate cover." (Id. at I-1.) Defendant's Notice of Deficiency Assessment, dated September 28, 2010, stated a tax to pay in addition to penalty and interest. (Def's Ex D.)
In response to requests from Defendant to provide documentation to support his claimed dependents, Plaintiff was unable to provide receipts for food, clothing or other expenses incurred for his children. Plaintiff testified that the "IRS" accepted his federal income tax as filed and it was not audited. Derickson testified that Defendant denied the claimed dependents because those dependents were claimed on another's state income tax return and Plaintiff was unable to provide documentation that he paid support for his children. Defendant provided the court with a portion of a General Judgment of Dissolution of Marriage, dated October 15, 2004, stating that Plaintiff was to pay child support in the amount of $1,022 per month, "[c]ommencing July 1, 2004[,] and continuing each month until child reaches 18, or is a child attending school pursuant to ORS 107.108." (Def's Ex A-2.) Plaintiff testified in 2005 that he moved to a "different residence two blocks away" and he believes his home was the children's "primary residence."
Plaintiff testified that he filed for bankruptcy in 2007 and received a "discharge" in 2008. He testified that he spoke to an attorney who told him that his state income tax liability was *Page 3 
"discharged." Plaintiff submitted Exhibit A, labeled Dischargeability of Taxes, in support of his belief that his state income tax for tax year 2005 was discharged. Derickson stated that:
 "[f]ederal law dictates what debts are dischargeable and non-dischargeable. Tax debt for 2005 is non-dischargeable under US Code — Section 523: Exceptions to discharge. The tax liabilities for 2005 are collectable based on Bankruptcy Code section 523(a)(1)(A) that states; based on 507(a)(8)(A)(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition."
(Def's Ans at 1.) Plaintiff did not submit a bankruptcy discharge order.
Plaintiff requested that the assessed interest and penalty be waived. Derickson explained that Plaintiff can request an interest and penalty waiver from Defendant.
 II. ANALYSIS
Plaintiff requests that this court conclude that his state income tax liability for 2005 was discharged in bankruptcy. Plaintiff presented no evidence for this court to reach that conclusion. Plaintiff did not submit a copy of the United States Bankruptcy Court's notice of discharge. Plaintiff's one exhibit (Exhibit A) offered in support of his belief that his state income taxes were discharged was nothing more than a general statement that taxes may be discharged under various provisions of the code but does not provide proof that his 2005 state income tax was discharged.
As this court has previously noted, "[t]he Oregon legislature intended to make Oregon personal income tax law identical to the Internal Revenue Code (IRC) for purposes of determining Oregon taxable income, subject to adjustments and modifications specified in Oregon law. ORS 316.007."Ellison v. Dept. of Rev., TC-MD No 041142D, WL 2414746 *6 (Sept 23, 2005). As a result, the legislature adopted, by reference, the federal definition for *Page 4 
dependents, including those allowed under section 152 of the Internal Revenue Code (IRC).[1] IRC section 152(a) generally defines dependent to mean a "qualifying child, or a qualifying relative." To claim a qualifying child or a qualifying relative as a dependent, the taxpayer must provide more than one-half of the individual's support for the calendar year.
To claim a qualifying relative as a dependent, the taxpayer must provide more than one-half of the individual's support for the calendar year. IRC § 152(c)(1)(D); IRC § 152(d)(1)(C). In order to know whether a taxpayer provides over one-half of the support of a qualifying relative, the taxpayer must not only prove the amount of support he or she provided the family (or individual), but also the total household expenses for the year for the home where the dependents reside, any income earned by family members used to support the household, and whether anyone else sent money to the household.
The issue before the court is whether Plaintiff provided more than one-half of the support for his four children. "In all proceedings before the judge or a magistrate of the tax court and upon appeal therefrom, a preponderance of the evidence shall suffice to sustain the burden of proof. The burden of proof shall fall upon the party seeking affirmative relief * * *." ORS 305.427.[2] Plaintiff must establish his claim "by a preponderance of the evidence, or the more convincing or greater weight of evidence." Schaefer v. Dept. of Rev., TC No 4530 at 4 (July 12, 2001) (citing Feves v. Dept. of Rev.,4 OTR 302 (1971)). Plaintiff has not provided any evidence to substantiate that he paid more than one-half the support of his four children. *Page 5 
 III. CONCLUSION
After careful consideration of the testimony and evidence, the court concludes that Plaintiff failed to provide any evidence in support of the relief he is requesting. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.
Dated this ___ day of October 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor,1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the date ofthe Decision or this Decision becomes final and cannot be changed.
 This document was signed by Presiding Magistrate Jill A. Tanneron October 27, 2011. The Court filed and entered this documenton October 27, 2011.
[1] All references to the IRC and accompanying regulations are to the 1986 code, and include updates applicable to 2005.
[2] All references to the Oregon Revised Statutes (ORS) are to 2005. *Page 1